IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| LEVEL 3 COMMUNICATIONS, LLC, ) | |
| ) | |
| Plaintiff, ) | File No.: <u>1-09-0082</u> |
| ) | JURY DEMAND (12) |
| VERSUS ) | |
| ) | Judge Trauger |
| MICHAEL R. FLOYD d/b/a FLOYD & ) | |
| FLOYD CONTRACTORS, ) | |
| ) | |
| Defendant. ) | |

## FIRST AMENDED ANSWER

Comes now the Defendant, MICHAEL R. FLOYD d/b/a FLOYD & FLOYD CONTRACTORS ("Defendant"), by and though counsel, and answers the Complaint of the Plaintiff as follows:

1. As to Paragraph No. 1, Defendant is without sufficient knowledge or information to admit or deny the averments contained therein.

2. As to Paragraph No. 2, Defendant admits that he is an individual resident of the State of Tennessee and that he resides in or near Columbia, Tennessee. Defendant further admits that he does business as Floyd & Floyd Contractors, but denies that he alone conducts business as Floyd & Floyd Contractors.

3. As to Paragraph No. 3, Defendant is without sufficient knowledge or information to admit or deny the averments contained therein.

4. As to Paragraph No.4, Defendant admits that venue would be proper pursuant to 28 U.S.C. § 1391(a)&(c). Insomuch as the averments contained in Paragraph No. 4 of the Complaint aver that Defendant committed alleged acts or omissions that would give basis for recovery, the same is hereby strictly denied.

5. As to Paragraph No. 5, Defendant is without sufficient knowledge or information to admit or deny the averments contained therein.

6. As to Paragraph No. 6, Defendant is without sufficient knowledge or information to admit or deny the averments contained therein.

7. As to Paragraph No. 7, Defendant hereby incorporates by reference his responses to Paragraphs 1-6.

8. Paragraph No. 8 is admitted, with the exception that Defendant denies he was personally doing said work, and Defendant is without sufficient knowledge or information to admit or deny at this time whether the work occurred on August 15, 2007 or August 16, 2007, or on both dates. Furthermore, Defendant denies any averment or suggestion that alleged damages to the Cable as asserted by the Plaintiff occurred at the location of the work performed by FLOYD & FLOYD CONTRACTORS.

9. Paragraph No. 9 is denied, with the exception that Defendant admits that a single empty black plastic pipe was slightly damaged where FLOYD & FLOYD CONTRACTORS was performing its work. Defendant specifically denies that any of the Plaintiff's alleged Cable was damaged by this Defendant, and the Defendant specifically denies that the alleged damages to the Plaintiff's alleged cable occurred at the time of the work by FLOYD & FLOYD CONTRACTORS or even at the location of the work performed by FLOYD & FLOYD CONTRACTORS.

10. As to Paragraph No. 10, Defendant denies the averments contained therein and demands strict proof thereof.

11. As to Paragraph No. 11, the averments are denied.

2

Case 1:09-cv-00082    Document 17    Filed 05/13/10    Page 2 of 7 PageID #: 57

12. Defendant denies that Plaintiff is entitled to the relief requested in the unnumbered paragraph following Paragraph No. 11 of the Complaint.

13. As to Paragraph No. 12, Defendant hereby incorporates by reference his responses to Paragraphs 1-11.

14. Paragraph No. 13 is denied. The Defendant would further assert that questions of legal duties and the interpretations of statutes are questions of law to be determined by the court, and, therefore, the Defendant would deny any interpretations or conclusions of law by the Plaintiff to the contrary.

15. Paragraph No. 14 is denied.

16. Paragraph No. 15 is denied.

17. Any and all other allegations of the Complaint that have not been previously admitted, denied or otherwise addressed are hereby denied.

18. Defendant denies that Plaintiff is entitled to the relief requested in the remaining paragraphs of the Complaint.

## **Affirmative Defenses**

19. Plaintiff has failed to state a claim upon which relief may be granted.

20. Defendant pleads the comparative fault of Plaintiff, LEVEL 3 COMMUNICATIONS, LLC, and in support thereof, states the following:

    a. Plaintiff LEVEL 3 COMMUNICATIONS, LLC and/or its employees or agents had a duty to use reasonable care while utilizing mechanized equipment to excavate its underground cables and conduits at or near 2475 Nashville Highway on TDOT's right-of-way in Columbia, Maury County, Tennessee, including but not limited to any duties alleged by it in its Complaint.

3

Case 1:09-cv-00082   Document 17   Filed 05/13/10   Page 3 of 7 PageID #: 58

b. Upon information and belief, Plaintiff LEVEL 3 COMMUNICATIONS, LLC and/or its employees or agents breached this duty, causing damage to its underground cables and conduits.

c. Plaintiff's damages, if any, were legally caused by the its own negligence, or the negligence of its employees or agents;

d. The negligence of LEVEL 3 COMMUNICATIONS, LCC and/or employees or agents is equal to or exceeds the negligence of Defendant, if any, and therefore, Defendant is not liable for Plaintiff's injuries, if any.

e. In the alternative, Plaintiff's damages, if any, must be apportioned under the doctrine of comparative fault.

21. Defendant, MICHAEL R. FLOYD d/b/a FLOYD & FLOYD CONTRACTORS affirmatively pleads the comparative fault of THE FISHEL COMPANY, an Ohio corporation, with its principal address being 1366 Dublin Road, Columbus, OH 43215. For purposes of service of process, the registered agent for THE FISHEL COMPANY in the state of Tennessee is the CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, TN 37929. In support of the aforementioned plea of comparative fault, Defendant, MICHAEL R. FLOYD d/b/a FLOYD & FLOYD CONTRACTORS would aver as follows:

a. THE FISHEL COMPANY and/or its employees or agents had a duty to use reasonable care while excavating Plaintiff's underground cables and conduits at or near 2475 Nashville Highway on the TDOT's right-of-way in Columbia, Maury County, Tennessee, including but not limited to, any duties alleged by Plaintiff to have been breached by Defendant MICHAEL R. FLOYD d/b/a FLOYD & FLOYD CONTRACTORS.

b. Upon information and belief, THE FISHEL COMPANY and/or its employees or agents breached these duties, causing damage to Plaintiff's underground cables and conduits.

c. Plaintiff's damages, if any, were legally caused by the negligence of THE FISHEL COMPANY, or the negligence of its employees or agents;

d. The negligence of THE FISHEL COMPANY and/or its employees or agents must be apportioned pursuant to the doctrine of comparative fault.

22. Defendant, MICHAEL R. FLOYD d/b/a FLOYD & FLOYD CONTRACTORS affirmatively pleads the comparative fault of OWENS TELECOM SERVICES, INC., a Tennessee corporation, with its principal address being 204 Revere Court, Smyrna, TN 37167. For purposes of service of process, the registered agent for OWENS TELECOM SERVICES, INC. is Mr. Oliver Milt Owens, 204 Revere Court, Smyrna, TN 37167. In support of the aforementioned plea of comparative fault, Defendant, MICHAEL R. FLOYD d/b/a FLOYD & FLOYD CONTRACTORS would aver as follows:

a. OWENS TELECOM SERVICES, INC. and/or its employees or agents had a duty to use reasonable care while excavating Plaintiff's underground cables and conduits at or near 2475 Nashville Highway on the TDOT's right-of-way in Columbia, Maury County, Tennessee, including but not limited to any duties alleged by Plaintiff to have been breached by Defendant, MICHAEL R. FLOYD d/b/a FLOYD & FLOYD CONTRACTORS.

b. Upon information and belief, OWENS TELECOM SERVICES, INC. and/or its employees or agents breached these duties, causing damage to Plaintiff's underground cables and conduits.

  c. Plaintiff's damages, if any, were legally caused by the negligence of OWENS TELECOM SERVICES, INC., or the negligence of its employees or agents;

  d. The negligence of OWENS TELECOM SERVICES, INC. and/or its employees or agents must be apportioned pursuant to the doctrine of comparative fault.

23. Defendant reserves the right to amend his Answer and plead further affirmative defenses after a reasonable opportunity for further investigation and discovery.

WHEREFORE, premises considered, the Defendant, MICHAEL R. FLOYD d/b/a FLOYD & FLOYD CONTRACTORS, respectfully prays that:

1. Plaintiff's Complaint be dismissed with prejudice;

2. A jury of twelve citizens hear any trial in this matter;

3. Court costs and discretionary costs be taxed to Plaintiff; and

4. Defendant be awarded such further relief as he may be entitled.


       Respectfully submitted:

       DuBois, DuBois & Bates, P.C.

   By: /s/ C. Nicholas Fossett

       David A. Bates, BPR No. 021156
       C. Nicholas Fossett, BPR No. 021472
       Attorneys for Defendant
       810 South Garden Street
       P.O. Box 339
       Columbia, TN 389402-0339
       (931) 388-2526

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served upon Filing Users through the Electronic Filing System, and upon the following by first class mail, on May 12, 2010:

John R. McCann, Esq.
Burch, Porter & Johnson, PLLC
130 North Court Avenue
Memphis, TN 38103

James J. Proszek, Esq.
Hall, Estill, Hardwick, Gable,
Golden & Nelson, P.C.
320 South Boston Avenue, Ste. 200
Tulsa, OK 74103-3706

          By:    /s/ C. Nicholas Fossett

                  C. Nicholas Fossett