IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| LEVEL 3 COMMUNICATIONS, LLC,<br><br>    Plaintiff<br><br>v.<br><br>MICHAEL R. FLOYD, d/b/a FLOYD &<br>FLOYD CONTRACTORS,<br><br>    Defendant. | Case No. 1:09-cv-82 |

## INITIAL CASE MANAGEMENT ORDER

    A.    JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that Plaintiff Level 3 communications, LLC ("Level 3") is a Delaware limited liability company with its principal place of business in Colorado whose sole member, Level 3 Financing, Inc., is a Delaware corporation with its principal place of business in Colorado; Defendant Michael R. Floyd, d/b/a Floyd & Floyd Contractors ("Floyd") is an individual resident of Tennessee; and the matter in controversy, exclusive of interest and costs, exceeds $75,000.00.

    B.    BRIEF THEORIES OF THE PARTIES:

    1)    PLAINTIFF: This action arises from an August 15 and/or 16, 2007 incident in which a Level 3 underground fiber-optic telecommunications cable which Level 3 had installed and was operating in the Tennessee Department of Transportation ("TDOT") right-of-way of Nashville Highway in or near Columbia, Maury County, Tennessee, was damaged. Level 3 claims that Floyd damaged that cable while excavating with mechanized equipment to install a water tap and water main extension at or near 2475 Nashville Highway. Level 3 has sued Floyd on theories of trespass and negligence and seeks actual damages consisting of: (a) the costs Level 3 incurred to

repair the damage Floyd inflicted on the cable; and (b) compensation for its loss of the use of the cable for the time reasonably necessary to repair it. Level 3 also seeks an award of punitive damages.

2) DEFENDANT: The Defendant's general theory of the case is that it had slightly damaged a single empty black plastic pipe while installing a water line, but denies that the Defendant damaged the cable alleged by the Plaintiff. The Defendant contends that the damage alleged by the Plaintiff to its alleged cable, if any, was done on or about the next day by the Plaintiff and/or its contractors, employees or agents at a separate location when it was performing its own excavation to place its cable below the water line. The Defendant has also asserted the comparative fault of the Plaintiff, reserves the right to assert the comparative fault of any additional third party tortfeasors upon the completion of its investigation and discovery, and reserves the right to contest the extent of the Plaintiff's alleged damages, if any.

C. ISSUES RESOLVED: Jurisdiction and venue are not contested at this time. The defendant reserves the right to challenge diversity jurisdiction should discovery reveal a basis for doing so.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before February 25, 2010.

F. DISCOVERY: The parties shall submit all written discovery other than requests for admissions by March 31, 2010, and depose all fact witnesses on or before October 29, 2010. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 9(a)(2) is expanded to allow 40 interrogatories, including subparts. No motions concerning

discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger. Written discovery responses shall be supplemented no later than 30 days before trial.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before September 30, 2010.

H. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before August 15, 2010. The defendant shall identify and disclose all expert witnesses and reports on or before October 15, 2010.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before November 30, 2010.

J. JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before November 1, 2010.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before December 31, 2010. Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed <u>20 pages</u>. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a party's summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

L. ELECTRONIC DISCOVERY: The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

- 3 -
Case 1:09-cv-00082   Document 18   Filed 05/14/10   Page 3 of 4 PageID #: 65

M. **ESTIMATED TRIAL TIME:** The parties expect the trial to last approximately three days.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:

ATTORNEYS FOR PLAINTIFF:

   s/ James J. Proszek
James J. Proszek, PHV
Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.
320 S. Boston Ave., Suite 200
Tulsa, OK  74103-3706
Telephone:  (918) 594-0400

And

John R. McCann, BPR #22914
Burch, Porter & Johnson, PLLC
130 N. Court Avenue
Memphis, TN  38103
Telephone:  (901) 524-5101


ATTORNEY FOR DEFENDANT:

   s/ David A. Bates *(with permission)*
David A. Bates, BPR #021156
DuBois, DuBois & Bates, P.C.
810 S. Garden Street
Columbia, TN  38401-0339
Telephone:  (931) 388-2526


1080272.1:912444:01357