# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| LEVEL 3 COMMUNICATIONS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No.: 1:09-0082 |
| v. ) | Judge Trauger |
| ) | |
| MICHAEL R. FLOYD d/b/a FLOYD & ) | |
| FLOYD CONTRACTORS, ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR LEAVE TO FILE
## MOTION FOR SUMMARY JUDGMENT
## THAT INCLUDES ALTERNATIVE REQUEST
## FOR PARTIAL SUMMARY JUDGMENT

Comes now the Defendant, MICHAEL R. FLOYD d/b/a FLOYD & FLOYD CONTRACTORS ("Defendant"), and moves the Court for leave to include an alternative request for partial summary judgment as part of his intended motion for full summary judgment. In support thereof, the Defendant states the following:

The Court's Initial Case Management Order (Doc. 18) states that no motion for partial summary judgment shall be filed except upon leave of the court. The Defendant intends to file a motion for full summary judgment, but wishes to include an alternative request for partial summary judgment to dismiss the Plaintiff's request for loss of use damages. Therefore, the Defendant requests guidance from the Court as to whether leave is required to request partial summary judgment relief in the alternative, and, if so, the Defendant requests that such leave be granted.

First, leave should be permitted as the issue appears to center upon a question of law which would ultimately have to be determined by the Court in any event. The Plaintiff seeks two types of compensatory damages, (1) a claim for alleged repairs costs in the approximate amount of $45,483.07, and (2) a claim for alleged loss of use damages in the approximate amount of

$300,423.76.[1]  With regard to the Plaintiff's primary claim of loss of use, Plaintiff alleges that it lost the use of a portion of the fibers contained in its fiber-optic cable for approximately 2.9 hours.  However, the Defendant believes that the undisputed facts would establish that the Plaintiff did not sustain any actual monetary losses to its business during this time period.  Notwithstanding the lack of actual monetary losses to its business, the Plaintiff alleges that it is entitled to compensation in the amount of approximately $300,000.00 for this 2.9 hour time period based upon the alleged rental value of the fibers in question.  However, the Defendant believes that the undisputed facts would also establish that the Plaintiff never actually rented a substitute cable or otherwise incurred any actual rental expenses.  Therefore, the issue appears to present a question of law for the Court to determine whether the Plaintiff may seek to recover for loss of use damages under such a scenario pursuant to Tennessee law.

Second, as the question that would be presented appears to center upon a question of law, the Court's adjudication of such issue prior to trial would appear to save substantial time and expense for the parties, counsel and the Court.  As discussed previously, the bulk of the Plaintiff's alleged compensatory damages is its loss of use claim.  If the Court should grant the Defendant's Motion, a jury, the parties, counsel and the Court would appear to be able to avoid substantial time of receiving witnesses and evidence as to this issue, and the parties and their counsel would also appear to be able to avoid expending substantial hours of preparation for an issue which may turn out to be a question of law for the Court to determine.

WHEREFORE, premises considered, the Defendant respectfully moves for the Court to grant leave for the Defendant to include an alternative request for partial summary judgment as part of his intended motion for full summary judgment.  Should the Court grant leave after the Court's summary judgment motion deadline of December 31, 2010, the Defendant further

---

[1] Based upon Plaintiff's Initial Disclosures.

2

Case 1:09-cv-00082   Document 25   Filed 12/28/10   Page 2 of 3 PageID #: 103

requests that the Court grant leave to the Defendant to amend his Motion for Summary Judgment after such deadline in order to add such alternative request for partial summary judgment.

                        Respectfully submitted,

                        DuBOIS, DuBOIS & BATES, P.C.

By:   /s/ David A. Bates
       David A. Bates, BPR No. 021156
       C. Nicholas Fossett, BPR No. 021472
       Attorneys for Defendant
       810 South Garden Street
       P.O. Box 339
       Columbia, TN 38402-0339
       (931) 388-2526

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this document via the Court's CM/ECF system on December 28, 2010:

James J. Proszek, Esq.
Brandon R. Rule, Esq.
Hall, Estill, Hardwick, Gable
Golden & Nelson, P.C.
320 South Boston Avenue, Ste. 200
Tulsa, OK 74103-3706

John McCann, Esq.
Burch, Porter & Johnson, PLLC
130 North Court Avenue
Memphis, TN 38103

                                      /s/ David A. Bates